## ENOCH M. EASTMAN, *et al.*

### *vs.*

## JAMES J. LINN.

Plaintiffs commenced an action under *sec.* 1, *chap.* 75, *Gen. Stat.*, to determine an adverse claim, estate or interest of defendant in and to certain lands of which plaintiffs were in possession. Defendant answered, denying that plaintiffs have any claim or title to or interest in the premises, denying also the lawfulness of plaintiffs' possession, and alleging title in himself in fee simple, and that plaintiffs unlawfully and wrongfully withhold possession thereof, and demanding judgment against plaintiffs for possession, with damages for withholding the same, and for mesne profits. *Held,* that the answer sets up a counter-claim, and that the pleading of such counter-claim, with the demand of relief, is, in effect, the instituting of a cross action, in the nature of ejectment, for the recovery of the real property in controversy. *Held,* further that *sec.* 2, *chap.* 72, *Laws* 1867, which authorizes any person against whom a judgment is recovered in an action for the recovery of real property to demand a second trial, is applicable to a case of this kind.

This action, the nature of which is stated in the opinion, was brought in the district court for Meeker county and was tried by a referee, who ordered judgment for the defendant for the affirmative relief prayed for in the answer. Within six months from the entry of judgment on the referee's report, the plaintiffs paid to the defendant's attorney the costs of the first trial, at the same time demanding, in writing, a second trial. The cause was placed by plaintiffs on the next general term calender for trial, but was stricken therefrom by order of the court, on defendant's motion, from which order the plaintiffs appeal.

F. BELFOY, for Appellants.

BEEBE & SHAW, for Respondent.

*By the Court.*—BERRY, J.—The plaintiffs commenced an action under *sec.* 1, *chap.* 75, *Gen. Stat.*, for the purpose of determining the adverse claim, estate or interest of defendant in and to certain lands whereof they, the plaintiffs, were in possession. Defendant's answer denies that plaintiffs have any claim or title to, or interest in the premises, denies also the lawfulness of plaintiffs' possession thereof, and alleging title in himself in fee simple, and that plaintiffs unlawfully and wrongfully withhold possession thereof, defendant demands judgment against plaintiffs for possession, with damages for withholding the same, and for mense profits.

The subject of plaintiffs' action is the adverse claim, estate or interest of defendant, which plaintiffs seek to have determined invalid. Defendant asserts the validity of the claim, estate and interest thus attacked by plaintiffs, and assuming that it will be declared valid, he proceeds to pray for the affirmative relief to which its validity entitles him. Evidently, then, the answer sets up a counter claim, *i. e ,* " a cause of action * * * connected with the subject of the (plaintiffs') action." *Gen. Stat. chap.* 66, *sec.* 80 ; *Moak's Van Santvoord,* 551,* 565 ;* *Jarvis vs. Peck,* 19 *Wis.* 74. The pleading of the counter-claim, with the demand for relief, is, in effect, the instituting of a cross action, (in the nature of ejectment,) for the recovery of the real property in controversy, the allegations of the answer being such as would be sufficient in an action of that nature. *Moak's Van Santvoord,* 326, 549 ;* 2 *Estee's Pl.* 211–249. Upon this state of facts, we see no reason why *sec.* 2, *chap.* 72, *Laws* 1867, which authorizes " any person against whom a judgment is recovered in an action for the recovery of real property," to demand another trial upon complying with certain specified conditions, is not applicable to this case.

Without considering any question as to its formal correctness, the order denying such trial is accordingly reversed.