## D. C. GILLESPIE V. R. M. THOMAS.

AFFIDAVIT FOR SERVICE BY PUBLICATION, *Sufficient.* In an action to compel the specific performance of a contract, where the plaintiff prayed for a judgment ordering the defendant to execute to him a good and sufficient deed for certain real estate, and that the defendant and all persons claiming under him be barred of all interest in the property, and that on failure of the defendant to execute such deed, the judgment stand in lieu thereof and operate as such; and service of summons was made by publication in a newspaper upon the following affidavit, to wit:

"William Thomson, of lawful age, being first duly sworn, doth upon his oath depose and say, that he is one of the attorneys in the above-entitled cause for said plaintiff; that said defendant is a non-resident of the state of Kansas, and that service of summons cannot be had in said action upon said defendant within said state of Kansas; that said action relates to real property in said county of Osage, in the state of Kansas, in which property said defendant claims and has an interest; that the relief demanded (among other things) is the exclusion of said defendant from his interest to said real property.   And further deponent saith not.
                                                            "WILLIAM THOMSON."

And judgment is afterward rendered by default against the defendant and in favor of the plaintiff, in accordance with the prayer of the plaintiff's petition; and afterward the defendant moves the court to vacate said judgment and to set aside said service because of defects in said affidavit, which motion the court overrules, *held,* that although said affidavit is defective in not stating plaintiff's cause of action more specifically and correctly, still, that it is sufficient.

### Error from Osage District Court.

ACTION brought by *Thomas* against *Gillespie,* to compel the specific performance of a contract to convey certain real estate situate in Osage county.   Trial at the April Term, 1875, of the district court, and judgment for the plaintiff. The defendant brings the case here.

*James Rogers,* and *E. M. Sanford,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to compel the specific performance of a contract to convey certain real estate, situated in Osage county.   The plaintiff in his petition prayed for a judgment ordering the defendant to execute to him a good

and sufficient deed for the premises, and that the defendant and all persons claiming under him be barred of all interest in the property, and that on failure of the defendant to execute such deed, the judgment stand in lieu thereof and operate as such deed. The service of the summons was made by publication in a newspaper. The petition and the publication notice were amply sufficient, but it is claimed that the affidavit for such notice was defective and void. Said affidavit reads as follows:

"William Thomson, of lawful age, being first duly sworn, doth upon his oath depose and say, that he is one of the attorneys in the above-entitled cause for said plaintiff; that said defendant is a non-resident of the state of Kansas, and that service of summons cannot be had in said action upon said defendant within said state of Kansas; that said action relates to real property in said county of Osage, in the state of Kansas, in which property said defendant claims and has an interest; that the relief demanded (among other things) is the exclusion of said defendant from his interest to said real property. And further deponent saith not.     WILLIAM THOMSON."

Judgment was rendered in the case by default against the defendant and in favor of the plaintiff, in accordance with the prayer of the plaintiff's petition. Afterward, the defendant moved to vacate said judgment and to set aside said service, because of said defective affidavit. The court overruled said motion, and the defendant now as plaintiff in error brings the case to this court for review.

We think the said affidavit is defective in not stating the plaintiff's cause of action more specifically and correctly. But still we do not think that it is fatally defective. We think that it is sufficient with the petition and notice to give the court jurisdiction, and the defendant could not possibly have been misled by it. All that such an affidavit is required to show is, that personal service cannot be made on the defendant within the state, and that the action is one in which service by publication may be had. (Civil Code, Comp. Laws of 1879, p. 610, § 73.) The statute does not require that the affidavit shall make it "appear that a cause of action exists against the

defendant" as the Wisconsin statute does, and hence the Wisconsin decisions referred to are not applicable to this case. Nor is the affidavit made for the purpose of giving information to the defendant as to the nature and character of the action brought against him.    He must seek for such information in the notice and petition — especially in the latter.

We think that the affidavit in this case stated all that was necessary to be stated, although it did it very informally.

The judgment of the court below will be affirmed.

All the Justices concurring.