W. A. ALLEN, *et al.*, v. JOHN C. DOUGLASS, *Guardian, &c.*

1. COUNTERCLAIM, *Answer Stating Nature of.* Where an answer is filed, which assumes to set up a counterclaim or a cause of action for affirmative relief, it should state all the facts necessary to constitute such counterclaim or affirmative relief, as fully and specifically as if the defendant were filing a petition in an original action; and if it omits any fact essential thereto it will be held bad upon demurrer.

2. EJECTMENT; *Answer to Quiet Title, Allegations of.* Where a petition in ejectment is filed, and the defendant seeks by his answer to obtain a decree quieting his title, he must affirmatively allege in such answer, not merely that he is the owner, and in possession, but also that plaintiff is making an adverse claim.

*Error from Jackson District Court.*

EJECTMENT, brought by *John C. Douglass*, as guardian of the estate of Hattie R. Douglass, a minor, against *W. A. Allen* and others. To so much of the defendants' answer as constitutes a counterclaim and cause of action for affirmative relief, the plaintiff demurred. At the March Term, 1882, the court sustained the demurrer, which ruling the defendants bring here. The facts appear in the opinion.

*John S. Hopkins*, for plaintiffs in error.

*John C. Douglass*, defendant in error, for himself.

The opinion of the court was delivered by

BREWER, J.: This was an action in ejectment, brought by defendant in error, plaintiff below, to recover the possession of a tract of land in Jackson county. The petition was simply in the short form authorized by the statute, and alleged that the plaintiff was the owner and entitled to the possession of the land. The defendants answered, first by a general denial, and further by a count in which they alleged that they were the owners and in the possession, and also that they held certain tax titles upon the property. They also stated that they had paid a certain amount of taxes, and had made lasting and valuable improvements to a certain amount, and

prayed that they be adjudged the owners; and that if they were defeated in the action, plaintiff should pay to them the amount of such taxes and improvements.   They also prayed for such other and further relief in the premises as should be just and proper.   To this answer, or rather to so much of it as constituted a counterclaim and cause of action for affirmative relief, the plaintiff demurred; the demurrer was sustained by the court, and the defendants allege error.   The defendant in error, plaintiff below, in his brief states that this last defense amounts to nothing more than a general denial, and that all the facts stated therein could have been proved under the first count in the answer.   If it were true that this last count was simply a repetition of the first count, and absolutely nothing but a general denial, then of course it would be error for the court to sustain the demurrer thereto; because the fact that the same defense is repeated in several counts does not authorize the sustaining of a demurrer to any of them.   If any relief is needed it should be by a motion to strike out.   It is true in such cases, if the last count was simply a repetition of the first, the sustaining of the demurrer would not be prejudicial error; because when once stated, it is unnecessary to restate a defense; but in the case at bar the demurrer ran professedly only to that portion of the answer which was supposed to state a counterclaim and a demand for affirmative relief; and the real question for our consideration, the question upon which the district court ruled, is whether the defendants' answer fully states a claim for affirmative relief. This question we think the district court ruled correctly upon. As defendants were in possession, they could not maintain an action of ejectment.   That which they attempted was the stating of a cause of action for quieting their title; and while in this they alleged that they were the owners and in possession, and showed the nature of their title, they failed to allege that plaintiff made an adverse claim.   It is true that the plaintiff, by bringing the suit, did in fact set up a claim to the property; but the answer must be tested by what it contains.   It has been held by this court in *Wright v.*

*Bachellor*, 16 Kas. 259, that when an answer sets up a counter-claim or cause of action for affirmative relief, it must be as full and complete as though it were a petition in an independent action. Now as this answer fails to allege that the plaintiff or anybody else is making an adverse claim, or in any manner to challenge defendants' title, it fails to show a cause of action, either under the statute, or under the old practice for quieting title. (*Douglass v. Nuzum*, 16 Kas. 515.) It cannot for a moment be contended, that if the answer were filed as a petition in an independent action, it states a cause of action against any party because it simply states that the defendant owns the property and is in possession, and it does not show that anybody is challenging his title or possession. Suppose the plaintiff in this action had dismissed his cause of action, as he had a right to do, and as in fact was done in a case similar to this, and which was submitted with this for decision : then the only pleading, the only thing upon which the trial could be had, would be this answer; and that, as we have stated, fails to show that anybody is doing or threatening any wrong to the rights of the defendants. We think, therefore, so far as respects the question discussed by counsel and which was passed upon by the district court, there is no error. We do not mean to hold that the facts stated in this last count do not constitute a defense to plaintiff's cause of action ; neither do we hold that a party may not, in addition to a general denial in an ejectment action, set out in a further count in detail the facts constituting his claim of title, and have the question of the sufficiency of those facts as a defense settled before the trial upon a demurrer filed thereto. Those are questions not ruled upon by the district court in this case, or presented to us for consideration. All we decide is, that the answer does not contain a statement of facts sufficient to constitute a counterclaim, or a cause of action for affirmative relief; and this upon the ground that the answer fails to show any adverse claim on the part of the plaintiff.

The ruling of the district court will be affirmed.

All the Justices concurring.