## GILBERT M. VENABLE V. LOUIS DUTCH.

1. ANSWER, *Partly a Counterclaim.* Where a plaintiff files a petition in ejectment, and defendant in his answer in addition to a general denial states that he is in possession of the same land, and claims to be the owner thereof by virtue of a tax deed, and asks that his title thereto may be quieted against plaintiff, that part of his answer claiming title in himself and asking affirmative relief is a counterclaim.

2. ACTION—*Dismissal; Trial of Counterclaim.* In such an action, when the plaintiff dismisses his cause of action, the defendant has the right to proceed to the trial of his claim for the purpose of determining his interest in the land as against the plaintiff. He then assumes all the burdens of a plaintiff, and is entitled to his rights so far as amending his pleadings is concerned.

3. JUDGMENT *in First Action, Conclusive in Second Action.* A plaintiff in possession of land obtained a judgment against a defendant, a non-resident of the state, upon service by publication only, and without his appearance in court; afterward the defendant in such action brought another action as plaintiff against the former plaintiff as defendant in a court of this state. *Held,* That in the trial of such subsequent action the judgment in the first action is conclusive of the rights of said parties to the land in dispute.

*Error from Wilson District Court.*

THE opinion states the case.

*A. J. Utley,* for plaintiff in error.

*S. S. Kirkpatrick,* for defendant in error.

Opinion by HOLT, C.: This action was tried in the Wilson district court, at the May term, 1885. Plaintiff in error, plaintiff below, filed a petition for ejectment in the ordinary form. The defendant answered by a general denial, and also claimed title under a tax deed. The first trial was had, and a second trial was granted under the statute. At the time of the second trial, plaintiff moved to strike out that part of defendant's answer setting up a title in himself by a tax deed, which motion was overruled by the court. Plaintiff then demurred to that portion of defendant's answer, which was overruled; whereupon he asked leave to dismiss his action without prejudice to a future action, which was allowed, but the court permitted the defendant to retain his answer for trial. Plaintiff then filed a general denial in reply, when the defendant asked leave to amend his answer by alleging that he had quieted his title to the land in question, by a judgment duly obtained by publication in the district court against the plaintiff. To this new cause of action plaintiff demurred, which demurrer was by the court overruled. A jury being waived, the issue was tried by the court, which rendered judgment for the defendant. This judgment plaintiff brings here for review.

Plaintiff assigns for error, first, that the second portion of defendant's answer should have been stricken out, for the reason that everything which might have been proven under it might have been proven under the general denial. Under that portion of the answer which plaintiff calls a cross-bill, the defendant asks for affirmative relief. Our statute provides that a defendant may set up in his answer, in addition to a general denial, any new matter setting forth a defense, a counterclaim, set-off, or right of relief concerning the subject of the action. But the plaintiff says that when he dismissed his cause of action, that the defendant's cause of action should have followed it, because the second part of defendant's claim was not a counterclaim, and cites § 398 of the civil code to show that the defendant has a right to proceed to the trial of his cause

only when he has filed a set-off or counterclaim, after the plaintiff has dismissed his cause of action. Plaintiff contends that the second portion of defendant's answer is not, under our statutes, a counterclaim. The ordinary meaning of counterclaim is a demand of something which of right belongs to the defendant in opposition to the right of the plaintiff. It is also defined as a claim, which, if established, will defeat or in some way qualify a judgment to which plaintiff is otherwise entitled; it is the claim of a defendant to recover from a plaintiff by setting up and establishing any cross-demand which may exist in his favor as against plaintiff. But the plaintiff, in an argument ingenious rather than sound, claims that there is a limited meaning of the word counterclaim given by our statute. By § 95 of the civil code a counterclaim must be one existing in favor of a defendant and against a plaintiff arising out of the contract or transaction set forth in the petition as the foundation of plaintiff's claim, or connected with the subject of the action.

The subject of plaintiff's action is his title to the land, and the adverse possession of defendant. The defendant claims that he is in possession lawfully as the owner thereof, by virtue of a judgment quieting his title against plaintiff. We think that the claim in the answer is connected with the subject of plaintiff's action. (*Jarvis v. Peck*, 19 Wis. 84; *Eastman v. Linn*, 20 Minn. 433.)

In actions similar to the one we are now considering, where a plaintiff brought an action against a defendant in ejectment, and claimed to be the owner in fee simple, and that defendant wrongfully kept him out of possession, and such defendant alleged ownership in himself, and stated that the plaintiff made some claim to the land, and asked that his title be quieted against him, this court has repeatedly denominated such answer a counterclaim. (*Allen v. Douglass*, 29 Kas. 412; *Sale v. Bugher*, 24 id. 432.)

1. Answer, a counterclaim.

After plaintiff dismissed his cause of action, the defendant under his answer seeking to quiet his title is virtually plaintiff in all things save in name; the facts alleged in his answer·

must be sufficient to constitute a cause of action, and the relief to which he is entitled must be properly demanded; the burden of proof is upon him, and he must establish his cause of action by a preponderance of testimony before he is entitled to a judgment in his favor; being in the place of a plaintiff, and subject to his burdens, he also possesses his rights, and therefore it is within the discretion of the court to allow him to amend his pleading by adding another count. In this case the court properly allowed such an amendment. (*Allen v. Douglass, Sale v. Bugher,* supra; Pomeroy's Remedies, § 738.)

2. Dismissal of action; trial of counterclaim.

By far the gravest question arising in this case is, whether a judgment in favor of one in possession of real property, obtained upon service by publication only, is sufficient to divest a defendant in such action of his interest therein. If we consult our statute alone, we find ample authority for such procedure. Section 595 of the civil code provides that an action may be brought by any person in possession of real property against any person who claims an interest or estate therein adverse to him, for the purpose of determining such adverse estate or interest; and when the person who claims such adverse interest resides out of the state, and the relief prayed for consists wholly or partly in excluding him from any interest therein, such determination may be had after a service by publication alone. (Civil Code, § 72.) A sovereign state ought to have control over the real property within its limits, and its courts have the right to decide all questions relating to the titles to the same. By § 400 of the code it is provided that when a judgment is rendered for a conveyance, release, or acquittance, and the party against whom the judgment is rendered does not comply therewith by the time appointed, such judgment shall have the same operation and effect as though the defendant had complied with the judgment of the court. Generally, equity jurisdiction is exercised *in personam,* and upon that theory some of the states have provided by statute that if the defendant is not found within the state, or refuses to make or cancel a deed to land within the jurisdiction of the court, it

can be done in his behalf by a trustee appointed by the court for that purpose. The last part of § 400 provides that the sheriff may perform such duties as such trustee, but the instrument so executed by him under the judgment of the court stands on no higher plane than a simple judgment, and is no more available as a conveyance, release or acquittance than such judgment. The appointment by the court of a trustee to execute or cancel a deed for defendant, when he has not been brought within the jurisdiction of the court, differs only in form from a judgment that is intended to accomplish the same object of itself. One is done directly, the other indirectly. Our statute attempts to do away with such mere formal distinctions.

Ordinarily it would be within the power of the state to substitute notice by publication or otherwise, for personal service against non-residents. It will be noticed that it is provided in § 72 of the civil code, for a notice by publication when the relief sought consists in excluding defendant from any interest in the land then in controversy. The notice does not specify that the defendant shall perform any act, execute any conveyance, acquittance, or release; it simply gives notice that a judgment will be rendered which shall exclude him from any interest in the land.

Service by publication, in conformity to our statutes, has been held sufficient by this court, and judgment and sales thereon have now become a settled rule of property in this state. (*Gillespie v. Thomas*, 23 Kas. 138; *Rowe v. Palmer*, 29 id. 337.) In *Hart v. Sansom*, 110 U. S. 151, Mr. Justice Gray, speaking for the court, says: "The courts of the state might perhaps feel bound to give effect to the service directed by its statutes."

In this action we not only have the direction of the statutes, but also long-acquiesced-in decisions, which we would be compelled to disregard if we should hold the notice of publication insufficient in the former action of Dutch to quiet his title against Venable. In this action plaintiff in error came into a court of this

3. Judgment in first action, when conclusive in second action.

state to seek relief, and he ought to be governed, and his claims to the land decided by the established rules of property of the court whose aid he invoked; he asks that we overthrow the long-established line of decisions, and hold our statutes void, in order to render a judgment in his favor. We are unwilling to so decide.

We recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.