Comm'rs of Marion Co. v. Welch.

THE BOARD OF COMMISSIONERS OF MARION COUNTY v.
D. B. WELCH *et al.*

1. JUDGMENT — *Collateral Attack* — *Quieting Title.* A person in the actual possession of land obtained a judgment quieting her title thereto, against non-resident defendants who had taken tax deeds upon a service by publication only, and without the appearance of the defendants in court; afterward the defendants brought an action against the board of county commissioners to recover the amount of taxes paid, with interest, and on the trial introduced in evidence the record of the action against them quieting title: *Held,* That the court had jurisdiction to render the judgment quieting title; that it was admissible, against the county, to show that the tax deeds had been adjudged invalid, and that it could not be attacked collaterally on the ground that the petition did not state a cause of action.

2. ——— *Res Judicata.* In an action to quiet title to land, a general finding of title in the plaintiff, and consequently of no title in the defendants, is a conclusive and binding decision against the defendants on the question of title, from whatever source it may be derived, and forever estops them from asserting a claim of title which existed at the time of the finding and judgment.

*Error from Marion District Court.*

ACTION to quiet title. Judgment for plaintiffs *Welch* and another for $232.43 and costs, at the June term, 1885. The defendant *County Board* brings the case to this court. The facts appear in the opinion.

*J. S. Dean,* for plaintiff in error.

*L. F. Keller,* for defendants in error.

Opinion by SIMPSON, C.: This was an action commenced in the district court of Marion county, and the material facts are these: On the 22d day of September, 1881, tax deeds were executed and delivered to the defendants in error, for two quarter-sections of land situate in Marion county. On the 28th day of September, 1881, one Laura A. Challen, claiming to be the owner in fee simple of said tracts of land, commenced an action in the district court of that county, against

the defendants in error, to quiet the title to said tracts of land. The defendants were and are non-residents of the state of Kansas, and service of summons was made upon them in Harrison county, Ohio, by the sheriff of said county, under the provisions of § 76, code of civil procedure. The defendants in error never made any appearance in said suit, and a decree was rendered on default against them, in May, 1882. This decree provided that the title of the said Laura A. Challen in and to all the lands in her petition described, be, as against these defendants in error, and all persons claiming under them, forever quieted, and said defendants in error and all persons claiming under them be forever enjoined from setting up, or claiming, or urging against the plaintiff their pretended title. On the 7th day of April, 1884, these defendants in error presented a bill to the board of county commissioners of Marion county for the amount of taxes stated in the tax deeds, with the subsequent taxes paid by them, with interest, for allowance. This bill was allowed, and an appeal taken by the county to the district court. The trial in that court resulted in a judgment in favor of the defendants in error for the amount of all taxes paid, with interest thereon, and costs. The case has been brought to this court for review, and several assignments of error are made.

The principal contention of counsel for the plaintiff in error is, that the decree in the case of Challen v. Welch and Estep, which was introduced by the defendants in error to show that their tax deeds had been adjudged invalid, was and is a nullity. For this contention two reasons are assigned. The first is, that the action to quiet title was a "strictly personal one," and the decree intended to operate *in personam;* and as there was no personal service within the jurisdiction of the court, it is a nullity. The second is, that the pleadings in that action show that the plaintiff therein did not know or allege the nature of the claim of Welch and Estep to the land, and they filed no answer setting up that they claimed by virtue of the tax deeds, and hence there was no adjudication as to the invalidity of the tax deeds. The first goes to the power of the court to

render the decree quieting title, and the second to the admissibility of the record in that action to show an adjudication against the validity of the tax deeds.

Counsel for plaintiff in error is probably mistaken in his assumption that the action of Challen v. Welch and Estep was an equitable one. The record shows that the petition alleged that the plaintiff was the owner in fee simple, and was entitled to, and is in the possession of the land described. It is true that there is an admission that Laura A. Challen is a resident of the state of Ohio, and never has resided in Kansas; and yet she could have been in actual possession of the land by a tenant, and as there is no evidence about possession contained in the record, we give the allegation in the petition full force and effect, as it was admitted by the default. If there was actual possession, the action was under § 594 of the civil code. The effect of the personal service of summons on Welch and Estep by the sheriff of Harrison county, Ohio, was the same as if obtained by publication notice. The precise question raised by the plaintiff in error is decided adversely to its views in the case of *Venable v. Dutch*, 37 Kas. 515; *Dillon v. Heller*, 39 id. 599. See also *Gillespie v. Thomas*, 23 Kas. 138; *Rowe v. Palmer*, 29 id. 337. In actions of this character, a service by publication made in conformity to the provisions of our statutes, has always been held sufficient in this court, and judgments rendered on such a service, and sales made in pursuance of such judgments, have become a settled rule of property in this state. It must be borne in mind that the attack in this case of the action of Challen v. Welch and Estep is a collateral one, and the cases of *Douglass v. Nuzum*, 16 Kas. 515, and of *Sanford v. Weeks*, 39 id. 649, are not applicable: the first because it was not brought under the statute, and because there was a direct attack upon the sufficiency of the petition; the second because whatever defects there were in the original petition were cured by the subsequent pleadings. The record of the case of Challen v. Welch and Estep is upheld by the case of *Entreken v. Howard*, 16 Kas. 551, and the later cases that followed that rule. There is no doubt that accord-

ing to the decisions of this court, the district court of Marion county had jurisdiction to render the decree in Challen *v.* Welch and Estep.

The next contention is, that the invalidity of the tax deeds was not determined in that action, as the pleading in that action shows that the plaintiff therein did not know the nature of the claim or title set up by the defendants; hence that the tax deeds were not passed upon. In reply to this it may be said generally, that it is not necessary in this action, any more than it was necessary in *Sanford v. Weeks,* 39 Kas. 649, to decide whether in a petition under § 594 of the code, it is necessary to set out the nature of the defendant's claim, and the grounds of its invalidity, because the exact question now discussed can be determined by the application of a well-known and firmly-established rule, to the effect that a general finding of title in the plaintiff, and consequently of no title in the defendants, is a conclusive and binding decision against the defendants on the question of title, from whatever source it may be derived, and forever estops them from asserting a claim of title which existed at the time of the decree. A judgment is conclusive of all matters actually litigated, and as to all matters that might, under the pleadings, have been litigated. A judgment by default is attended by the same legal consequences as if there had been a verdict for the plaintiff. (Freeman on Judgments, § 330, and authorities cited.) We think that the record must be held to include an adjudication that the tax deeds were invalid; and for this purpose it was admissible, although the board of county commissioners of Marion county was not a party to it. (*Morgan v. Comm'rs of Miami Co.,* 27 Kas. 89.)

We find no error in the record, and it is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.