Gano v. Martin.

---

WILLIAM GANO *et al.* v. LORENZO A. MARTIN.

No. 443.* (61 Pac. 460.)

MORTGAGES OF REAL ESTATE — *Subrogation — Limitation of Action.* G. and his wife borrowed money from a loan company, and, to secure such loan, gave a mortgage upon real estate owned by the wife; the proceeds of such loan being used to pay off a mortgage held by M. upon such real estate. Prior to the execution and delivery of the mortgage given to the loan company the wife had been adjudged insane and the husband appointed as her guardian. The fact of the wife's insanity was fraudulently concealed from the loan company, and it had no actual notice of such insanity. Payments of interest were made upon the mortgage given to the loan company within less than five years prior to the commencement of foreclosure proceedings upon such mortgage. *Held,* that the company was subrogated to the lien of the original mortgage, and that the fraudulent concealment of the wife's insanity prevented the statute of limitations from running until the discovery of the fraud; and *held,* further, that the payment of interest by G. was sufficient to toll the statute.

Error from Miami district court; JOHN T. BURRIS, judge. Opinion filed June 13, 1900. Affirmed.

*Sperry Baker, B. F. Simpson,* and *John C. Sheridan,* for plaintiffs in error.

*Beardsley & Gregory,* and *Sheldon & Sheldon,* for defendant in error.

*Dismissed by supreme court March 10, 1900.—REP.

The opinion of the court was delivered by

SCHOONOVER, J. : In the year 1886, Mary E. Gano
and William Gano, her husband, to secure a note of
$1200, due in two years, made, executed and delivered
to J. T. Murtagh a mortgage on lots 4 and 5, block
126, in Paola, Miami county, owned by Mary E. Gano,
and occupied by herself and husband as a homestead.
On the 3d day of May, 1887, Mary E. Gano was by
the probate court of Miami county adjudged to be a
person of unsound mind, and letters of guardianship
were duly issued to William Gano, her husband, who
gave bond and entered upon the duties of such guard-
ianship. In 1889, the Murtagh mortgage being due
and unpaid, William Gano applied to the Jarvis-
Conklin Mortgage Trust Company for a loan with
which to pay off such mortgage. The application
was in writing, and was signed, apparently, by both
Mr. and Mrs. Gano. The record does not show that
the insanity of Mrs. Gano was disclosed to the com-
pany, or that it had any actual knowledge of such in-
sanity and the guardianship of Mr. Gano. Upon this
application the company made a loan, which was used
in paying off the Murtagh mortgage, the Ganos giv-
ing their note, and a mortgage upon the property cov-
ered by the Murtagh mortgage, to the company to
secure such loan. This note and mortgage were af-
terward assigned to the defendant in error herein,
Lorenzo Martin. On July 8, 1895, the note and mort-
gage being due and unpaid, Martin began foreclosure
proceedings in the district court of Miami county. To
the petition filed by plaintiff the defendants answered,
setting up as their defense the finding of the probate
court of Miami county adjudging Mrs. Gano to be a

person of unsound mind and incompetent to transact business, and it was also pleaded that Mr. Gano had been appointed her guardian. The plaintiff replied, and alleged that the mortgage company made the loan in good faith, for the purpose of paying off a prior mortgage, and without any knowledge of the insanity of Mrs. Gano; that the loan was made upon the written application of William Gano, which in no way disclosed the insanity, and upon a written abstract of title, which was furnished by said William and Mary E. Gano, and which failed to show the probate proceedings by which Mrs. Gano was adjudged to be insane; that said abstract of title was by the mortgage company submitted to counsel learned in the law, and it was certified to by counsel to show clear title in Mary E. Gano, subject to the prior mortgage of $1200, which was to be taken up by the new loan; that said William Gano and Mary E. Gano fraudulently concealed from the mortgage company, and all persons representing it, the fact of insanity, and that the plaintiff never knew or suspected any such insanity until the same was alleged in the answer. Plaintiff prayed that, in case the court should find the note and mortgage sued upon to be void, then he be subrogated to the lien of the prior note and mortgage, and that said lien be foreclosed. The case was tried to the court, which found that the averments contained in the petition of plaintiff were true, and that plaintiff was entitled to be subrogated to the lien of the original mortgage. Judgment was rendered in favor of plaintiff, and the defendants bring the case here.

The judgment appears to have been rendered upon the theory that the note and mortgage given to the Jarvis-Conklin Mortgage Trust Company were void because of the insanity of Mrs. Gano, and that the

Gano v. Martin.

mortgage company was therefore subrogated to the rights of the holder of the original mortgage, which was paid off out of the proceeds of the loan made by the company.   Plaintiffs in error concede that Martin was probably subrogated to the rights of the holder of the original mortgage, but contend that the cause was barred by the statute of limitations as to such holder, and was therefore barred as to Martin, upon the principle that subrogation carries with it no greater rights than the creditor possesses.   If, as counsel for plaintiffs in error states, this case involved the question as to whether or not the equitable right of subrogation is subject to the bar of the statute of limitations, and this question alone, we would have no difficulty in reaching a decision ; but, as we view the case, this is not the question.   It is agreed by the parties that payments of interest were made on the mortgage given to the Jarvis-Conklin Mortgage Trust Company, and the record shows that the last payment of interest was made less than five years before this action was brought. What, if any, was the effect of such payments ? Would the effect be to toll the statute as to the original note and mortgage ?   It was averred by plaintiff that defendants fraudulently concealed the fact that Mrs. Gano had been adjudged insane, and this averment the court found to be true.   What, if any, was the effect of such fraudulent concealment ?   Would it suspend the running of the statute of limitations until the discovery of the fraud ?   This is an equitable proceeding, and we are not to indulge is nice discriminations.   One thing appears from the record very clearly, and that is that the equities are with the plaintiff. Defendants fraudulently concealed the fact of Mrs. Gano's insanity.   The mortgage company, in ignorance of such insanity, made a loan and took a mort-

gage upon Mrs. Gano's property. The proceeds of the loan were used to pay off a prior mortgage. The mortgage given to the mortgage company was absolutely void—never had any legal effect—and the mortgage company became subrogated to the rights of the holder of the original mortgage at the time it was paid out of the proceeds of the loan made by the company. Martin, the assignee, believing that he held a valid mortgage, failed to assert his rights under the original mortgage until a time when the rights of the original holder of such mortgage would have been barred. His failure so to assert his rights was due to the fraudulent concealment by defendants of facts which rendered his (plaintiff's) mortgage void. Must we now hold that defendants can take refuge behind their own wrong? We think not. Equity and justice impel us to hold that the statute of limitations did not begin to run until the discovery of the fraud, which was not until the filing of the answer of defendants, and, under this view of the case, the cause was brought in time.

We think, also, that the payment of interest by William Gano was sufficient to toll the statute. The new mortgage was void, but equity kept alive the lien of the old mortgage for the benefit of the mortgage company and its assignee, Martin. Equity would require that the defendants be credited with the payments made, upon the ground that "he who seeks equity must do equity." The payments certainly were made in recognition of an existing obligation. The only obligation existing was that evidenced by the original note and mortgage, and plaintiff had been subrogated to all the rights of the original holder of these; or, as counsel for plaintiff expressed it, Mar-

tin was placed in the shoes of Murtagh, the original holder. We think, in view of all the facts and circumstances, we are justiffed in holding that these payments were sufficient to toll the statute. The judgment of the district court is affirmed.