CARRIE ZINKEISON v. OZRO H. LEWIS *et al.*

No. 12,376.    (66 Pac. 644.)

SYLLABUS BY THE COURT.

1. SUBROGATION — *Payment of Prior Mortgages — Fraud.* Where money is loaned to a husband and wife on the faith of a mortgage on land, for the purpose of paying off prior valid mortgages on the same land, and is so used, and it turns out that the husband signed his wife's name to the mortgage without authority, of which execution she was immediately informed, but, instead of disclosclosing the fraud, she allows the mortgagee to pay off the prior mortgages and to believe that he has a valid security, the holder of such mortgage is entitled to be subrogated to all the rights and interests of the prior mortgagees.

2. ———— *Presumption of Law — Limitation of Action.* Where money is so fraudulently obtained and used at the instance of the mortgagors to pay off prior valid liens, such liens will be considered to be alive so long as equity and the rights of the parties require; and the holder of the defective mortgage, who had no notice of the fraud or defect until the answers of the mortgagors were filed in a foreclosure action, is not barred by the statute of limitations from asking subrogation to the prior liens, although more than five years have elapsed since they were paid off and discharged.

Error from Anderson district court; SAMUEL A. RIGGS, judge. Opinion filed November 9, 1901. Division one. Reversed.

*W. W. Padgett,* and *Flower, Peters & Bowersock,* for plaintiff in error.

*Johnson & Johnson,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover on a promissory note for $850 purporting to have been executed on December 9, 1889, by Ozro H. Lewis and Sarah A. Lewis, his wife, and to foreclose a mortgage of the same date given as security for the payment of

the note.   In separate answers the defendants alleged
that the mortgage, which covered their homestead,
was not in fact executed by Mrs. Lewis, nor by any
one authorized to sign for her.

The plaintiff replied with a general denial, and also
with averments that the note and mortgage in suit
were given for the purpose of procuring money to pay
off encumbrances then existing on the mortgaged land.
One was a mortgage lien of $500, and another of $50,
which had been executed by the defendants, and
which were paid off and discharged at the request of
defendants with the money obtained on the loan.   The
plaintiff therefore asked that she be subrogated to all
rights and interests in the mortgages so paid off, and
for other equitable relief.

At the trial, Ozro H. Lewis testified in a self-accus-
ing way that he signed his wife's name to plaintiff's
note and mortgage, and that it was done without her
authority.   This was corroborated by the testimony of
his wife, and together they were able to satisfy a jury
that Mrs. Lewis did not join in the execution.   The
plaintiff was equally unsuccessful in securing subro-
gation to the rights of the mortgage liens paid off with
the money which the Lewises obtained on the defect-
ive note and mortgage.   The court sustained a de-
murrer to the reply setting up the right of subrogation
and rejected testimony offered in support of the right.
In that there was error.

It appears that, almost immediately after the execu-
tion of the mortgage in suit, Mrs. Lewis was informed
by her husband that he had signed her name to the
instrument.   She knew, too, that the greater part of
the money obtained by the loan was intended to be
used, and was in fact used, in paying off liens on the
property sought to be mortgaged.   Interest on the

debt was paid from time to time with her knowledge until August, 1892. The note and mortgage purporting to have been executed by her matured in five years after date, were regular in form and appeared to be duly acknowledged, and plaintiff had no notice of the fraudulent action of Lewis in signing his wife's name, as he says, without authority, until the answers were filed. With full knowledge of the facts connected with the transaction, the defendants concealed the defects and wrongs in the execution of the mortgage and obtained money to pay off liens on their property, paying, interest on the mortgage as though it were valid until 1892, and then, after default, and when an action of foreclosure was begun, they came into a court of equity and asked that the mortgage be adjudged void, without either paying the amount of the loan or the liens paid off with the money so fraudulently obtained.

The facts bring the case within the authority of *Everston v. Central Bank*, 33 Kan. 352, 6 Pac. 605, where it was held that, if money is loaned on a forged mortgage, supposed to be valid, to be used, and which was used, to pay off a valid mortgage, the mortgagee or his assignee may be subrogated to the rights of the prior mortgagee, if there are no intervening liens or encumbrances. The general rule is that, where it is equitable and just that a person furnishing money to pay off a debt should be substituted for the creditor, he will be substituted and subrogated to all the rights held by the creditor. (*Crippen v. Chappel*, 35 Kan. 495, 11 Pac. 453, 57 Am. Rep. 187; *Yaple v. Stephens*, 36 id. 680, 14 Pac. 222; *Hofman v. Demple*, 52 id. 756, 35 Pac. 803; *Farm Land Co. v. Elsbree*, 55 id. 562, 40 Pac. 906; *Armstead v. Neptune*, 56 id. 750, 44 Pac. 998.) There are no intervening liens or encumbrances, and

therefore this is a clear case for the application of the doctrine of subrogation. It is highly equitable that the plaintiff, who was without knowledge of the fraud in the execution of the mortgage, should be subrogated to the rights of the prior mortgagees, and it would be very unjust to hold that Mrs. Lewis, knowing that her name had been signed to the mortgage, and that it was to be used to obtain money for the payment of existing encumbrances on her land, and remaining quiet and allowing the mortgagee to pay off valid mortgages existing against the property, might come into court and ask not only that the mortgage should be declared invalid but also that prior valid liens which the mortgagee was induced to discharge should also be declared unavailing.

The pleadings warranted the plaintiff in asking for subrogation. She pleaded and sought to establish the validity of the instrument, and then when answers alleging invalidity were filed she set up facts entitling her to subrogation if the mortgage was found to be void, praying for subrogation and other equitable relief. This is a common and proper course of practice where invalidity of a mortgage sought to be foreclosed is brought out in answer and grounds for subrogation exist in favor of the plaintiff.

It is argued, however, that because more than five years have elapsed since the maturity and payment of the prior mortgage liens the defense is barred. If it should be considered that equity has kept the prior debts and liens alive for the benefit of the party who furnished the money to pay them, the payments of interest would be sufficient to toll the statute. The right of subrogation, however, is not founded alone on the notes and mortgages, but is founded on all the facts and circumstances which give rise to the claim

of subrogation. (*Crippen v. Chappel*, supra.) Among the facts and circumstances of the case are the fraud of the husband and the concealment of the fraud by both husband and wife; the inducing of the mortgagee to pay off and discharge existing liens on the faith of the fraudulent instrument; the payments of interest and other conduct which would naturally prevent apprehension or inquiry by the plaintiff as to the validity of the new mortgage. Plaintiff supposed, and had a right to believe, that she had a valid security, and the fraudulent concealment of the facts which made the mortgage invalid prevented her from asserting her right of subrogation until more than five years after a right of action had accrued on the original debts and liens. The fraudulent concealment and wrong of the plaintiffs can give them no advantage in an equitable action, and until the invalidity of the mortgage was brought to light in the answers the statute of limitations did not begin to run. (*Gano v. Martin*, 10 Kan. App. 384, 61 Pac. 460; *Trust Co. v. Peters*, 72 Miss. 1058, 18 South. 497, 30 L. R. A. 829.)

For the errors mentioned the judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with this decision.

SMITH, GREENE, ELLIS, JJ., concurring.