No. 26,094.

CARL S. NEWCOMER et al., *Appellants,* v. MARTHA L. SIBON, *Appellee.*

SYLLABUS BY THE COURT.

1. SUBROGATION—*Money Advanced Upon Forged Real-estate Mortgage.* In the absence of any countervailing equities, one who makes a loan in innocent reliance upon a forged real-estate mortgage is upon the principle of subrogation entitled to subject the land to the repayment to him of such part of the money lent as was used in taking up existing valid liens. Language in the syllabus and opinion in *Gray v. Zellmer,* 66 Kan. 514, 72 Pac. 228, in conflict with this is disapproved.

2. JUDGMENTS—*Construction and Operation.* In an action brought for the foreclosure of a mortgage the defendant pleaded that it was a forgery and asked for its cancellation and for a judgment quieting title. The charge of forgery was sustained and a decree was rendered setting the mortgage aside and quieting the defendant's title. In a subsequent action brought by the plaintiffs to make an amount they had expended in satisfying valid existing mortgages and taxes a charge against the property by subrogation, it is held that in view of the indefiniteness of its own language and of that of the pleadings in the foreclosure case the judgment therein rendered is to be interpreted as barring only the plaintiffs' rights as mortgagees and not as precluding a recovery in the present action for subrogation.

Appeal from Stevens district court; CHARLES E. VANCE, judge. Opinion filed October 10, 1925. Reversed.

1. Subrogation, 37 Cyc. p. 463.   2. Judgments, 34 C. J. § 1363.

Newcomer v. Sibon.

*G. W. Sawyer* and *John C. King*, both of Liberal, for the appellants.

*E. C. Minner* and *Carl Van Riper*, both of Dodge City, for the appellee.

The opinion of the court was delivered by

MASON, J.: This appeal involves two cases between the same parties, which are similar in facts and were consolidated in the district court. They will be spoken of as though constituting but one action. The plaintiffs are successors in interest of a loan company which lent money on what appeared to be valid mortgages on lands owned by the defendant, but which were in fact forgeries fabricated by the defendant's husband. The action was brought on the principle of subrogation to subject the lands covered by the forged mortgages to the payment of so much of the money lent upon them as was expended in paying off valid liens, including those of mortgages and taxes. The answer, among other matters, alleged that any remedy the plaintiffs might otherwise have was cut off by a decree quieting the defendant's title rendered in the actions to foreclose the forged mortgages, in which they were adjudged to be forgeries. A motion of the defendant for judgment in her favor upon the pleadings was sustained, and the plaintiffs appeal.

Prior to the forgeries referred to the defendant was the owner of the lands in question, subject to certain mortgages and other liens, including those for taxes. Her husband procured the company to make loans upon mortgages to which he had forged in some instances his wife's name, and in other instances the name of a grantee in a deed from her, which he had also forged. A part of the money lent on the forged mortgages was used in paying off the liens referred to.

1. The plaintiff's equitable claim to be subrogated to the rights of the holders of liens on the defendant's land which the loan company paid off in reliance upon the documents forged by her husband is obviously so strong as to leave little room for argument on that aspect of the case, were it not for the language used by this court in denying subrogation in *Gray v. Zellmer*, 66 Kan. 514, 72 Pac. 228. There Zellmer held the legal title to land as security for the payment by Koch, who was in possession as the equitable owner, of a mortgage thereon the payment of which he had assumed as a part of the purchase price. Koch paid Zellmer the full amount of the mortgage, but Zellmer turned over only a part of it to the mortgagee,

converting the rest—$300—to his own use.  Zellmer then, to cover his defalcation, taking advantage of the fact that the record title to the land was in his name, borrowed $300 from Ambler on a mortgage thereon, and with it completed the payment of the original mortgage.  The owner of the new mortgage being defeated in an action for its foreclosure because Zellmer had no beneficial title and Koch's possession was notice of his ownership, asked to be subrogated to the rights of the mortgagee who had received its proceeds.  If the request had been granted the money lender who had constructive knowledge that his security was worthless would have been indemnified for the amount Zellmer obtained from him by false pretenses, at the expense of Koch, whose money Zellmer had embezzled.  As the matter stood Koch was a gainer by the imposition practiced upon the new mortgagee, but only to the extent of being reimbursed for the loss he had suffered by Zellmer's fraud upon him in what amounted to a part of the same general transaction.  There is little difficulty in distinguishing that case from the present upon the facts, for here the defendant, however innocent of complicity in her husband's crimes, was a sharer in their proceeds, and if subrogation should be granted the entire affair would entail no loss upon her.  In the syllabus and opinion, however, language was used indicating that Koch could not without his own knowledge or consent have been made liable to the holder of the new mortgage, who in paying off the old one acted as a mere stranger and volunteer.  In support of that view *Campbell v. Foster Home Assn.*, 163 Pa. St. 609, was cited, a case which involves a claim to subrogation by the holder of a junior mortgage, and which is against the weight of authority.  (99 Am. St. Rep. 522-523, 5 Pomeroy's Equity Jurisprudence, § 2346, note 85.)  The general rule has been thus stated:

"It is well settled that where the security given for the loan which is used to pay off an incumbrance turns out to be void, although the person taking it expected to get good security, he will be subrogated to the rights of the holder of the lien which the money advanced is used to pay; and that in such case the person advancing the money cannot be regarded as a stranger or volunteer, there being no intervening equity to prevent."  (25 R. C. L. 1343.)

This court has not only adopted the modern and liberal view that "where it is equitable that a person furnishing money to pay a debt should be substituted for the creditor or in the place of the creditor

such person will be so substituted" (*Crippen v. Chappel*, 35 Kan. 495, 499, 11 Pac. 453), but has applied it to a case substantially like the one now under consideration in these words:

"Where money is loaned upon the security of what is supposed to be a valid mortgage, but which in fact is a forged and void mortgage, and the money is so loaned for the purpose that a prior valid mortgage may be discharged, which is done, the mortgagee of the void mortgage may be subrogated to the rights of the prior mortgagee, there being no intervening liens or incumbrances." (*Everston v. Central Bank,* 33 Kan. 352, 6 Pac. 605, syl. ¶ 1.)

We hold that so far as the question of subrogation is concerned the pleadings showed a right of recovery in the plaintiffs. The language used by the court in *Gray v. Zellmer* so far as inconsistent with this conclusion is disapproved.

2. A more doubtful question is presented by the plea of former adjudication. In the actions brought by the plaintiffs upon their mortgages the defendant filed answers alleging the forgeries, the language being alike in each case except as to details not here material. The portion of one of the answers bearing upon the issue of *res judicata* reads:

"That she is the absolute owner in fee simple of all the following described real estate . . . and that she is in the actual possession of the same; . . . that a pretended deed was executed May 21, 1917, recorded May 21, 1917, in volume W, page 4, of the records of the office of the register of deeds of Stevens county, Kansas, purporting to have been executed, acknowledged and delivered by this defendant and her said husband William A. Sibon, conveying said real property to this defendant's codefendant, August Maves; that said pretended deed is a forgery, and was not executed, acknowledged or delivered by this defendant, or by any one lawfully authorized by her, and that said purported deed, and the record thereof, and the said mortgage sought to be foreclosed in this action, and the record thereof, constitute a cloud upon the title and possession of this answering defendant, and this defendant states that she is entitled to a judgment canceling, vacating and setting aside said pretended deed to August Maves, and the record thereof, and said pretended mortgage sued on in this action, and the record thereof, and quieting and perfecting this defendant's title to, and confirming her possession of said real estate and each and every part thereof.

. . . . . . . . . . . . . .

"Wherefore, defendant having fully answered prays that she be discharged with her costs, and that her title to and possession of said real estate be quieted, perfected and confirmed as against the said plaintiffs and all of this defendant's codefendants, and that she recover the costs of this counterclaim, together with all other proper relief."

The judgments in the actions brought to foreclose the mortgages read:

"It is therefore by the court considered, ordered, adjudged and decreed, that the plaintiffs, Carl S. Newcomer and Jay S. Newcomer, take nothing in these cases, and that the title and possession of the defendant Martha L. Sibon be and the same hereby is quieted, perfected and confirmed as against any claims of the plaintiffs and each of them, and the defendants, The Empire Gas & Fuel Company, The Equitable Trust Company of New York, Trustee, Henry G. Noel, and Mrs. Henry G. Noel, his wife, and August Maves, and the persons claiming, or to claim by, through or under them, and service summons on said defendants is regular and the same is hereby approved. And it is further adjudged and decreed that the following instruments appearing of record in the office of the register of deeds of Stevens county, Kansas, to wit [being the notes, mortgages and deeds referred to in the pleadings], are each and all invalid and void, and are each and all hereby canceled and held for naught."

The question of the right of the plaintiffs to a charge against the lands for the amount of liens they had paid off was not in fact tried and determined in the foreclosure actions. The circumstance that it might have been litigated in those actions does not render the matter *res judicata*, for none of the causes of action there sued upon are the same as any set out in the petition in this case. (*Stroup v. Pepper*, 69 Kan. 241, 76 Pac. 825; 34 C. J. 911; 15 R. C. L. 973.) If, however, the judgments actually rendered did by their terms as properly construed exclude the plaintiffs from all interest in or claim of any sort against the lands involved, although the matter of subrogation was not submitted to or considered by the court, they constitute a bar to the present action, unless it should be held that in this respect they were so far outside the pleadings as to be without force.

The language of the judgments considered by itself is doubtless broad enough to warrant giving it the effect of cutting off all claims of the plaintiffs against the land. Assuming that if so interpreted the judgment would not be so far outside of the issue presented by the pleadings as to be in excess of the court's jurisdiction, the pleadings and other parts of the record may nevertheless be referred to and considered for the purpose of construction—of ascertaining the proper meaning to be attached to the language used. (See cases cited under key number 526, title Judgments, American Digest System.) The defendant invokes a rule which has been thus stated: "In an action to quiet title to land, a general finding of title in the plaintiff and consequently of no title in the defendants,

is a conclusive and binding decision against the defendants on the question of title, from whatever source it may be derived, and forever estops them from asserting a claim of title which existed at the time of the finding and judgment." (*Comm'rs of Marion Co. v. Welch,* 40 Kan. 767, 20 Pac. 483, syl. ¶ 2.) In the case cited the decree, which was rendered by default, provided that the plaintiff's title as against the defendants was "forever quieted" and that the defendants were "forever enjoined from setting up ' or claiming or urging against the plaintiff their pretended title." The point sought to be made against it was that the petition did not set ·out the nature of the defendants' claim, and therefore that the validity of tax deeds held by them was not passed upon. The petition alleged that the defendant claimed some title to the land the nature of which was unknown to the plaintiff, but that whatever it was it · was invalid. Where an action is begun by the filing of a petition alleging title in the plaintiff and in effect challenging the defendant to show a title or claim of any sort which he wishes to assert, a general judgment quieting the plaintiff's title is a complete bar to any demand on the part of the defendant, whether or not he had pleaded it or otherwise called attention to it in the course of the litigation. (34 C. J. 959; 8 A. L. R. 731, note.) The situation presented here is materially different. The plaintiffs sued to foreclose their mortgages. The defendant pleaded that the mortgages, and in some instances the deeds on which they depended, were forgeries. She alleged that they constituted a cloud on her title and that she was "entitled to a judgment canceling, vacating and setting aside said pretended deed  .   .   .   and said pretended mortgage  .   .   .   and quieting and perfecting this defendant's title to, and confirming her possession of, said real estate." She asked that "her title to and possession of said real estate be quieted, perfected and confirmed as against the said plaintiffs and all of this defendant's codefendants." We see nothing in this to advise the plaintiffs of a purpose to litigate anything against them excepting the validity of their mortgages. There was no allegation that the plaintiffs had or made any claim with reference to the land other than as mortgagees, and the judgment did not in set terms exclude them from any and all claims of whatever sort. The interpretation of the pleading and the judgment founded upon it may be aided by considering what they omit as well as what they contain. If the owner of the fee in defending against the forged mortgages in-

tended to bring about in that action the litigation of all claims of every character their holders might have or assert against the land, it would have been an easy matter to insert in her answer language clearly and affirmatively advising the plaintiffs of that purpose. She might have pleaded, as is commonly done in similar cases, that the plaintiffs asserted other claims against the land the nature of which she did not know, but that all such claims of whatever sort were invalid, and have asked a judgment barring the plaintiffs from all right under such claims. The general language used was at least as well adapted to a controversy solely over the validity of the mortgages as to one involving all other possible claims. It suggests that the pleader either did not have in mind any other issue than that of the genuineness of the mortgages, or avoided the use of words adapted to bring such additional issue to the attention of the plaintiffs.

Upon an issue of *res judicata* it was said in *Vicksburg v. Henson*, 231 U. S. 259, 269:

"The fifth paragraph read alone without regard to the pleadings in the case would broadly enjoin the city from constructing a waterworks system of its own until the expiration of the period named in the franchise held by the complainant. . . .

"It is well settled, however, that a decree is to be construed with reference to the issues it was meant to decide. . . . In *Barnes v. Chicago, M. & St. P. Ry. Co.,* 122 U. S. 1, this court, speaking by Mr. Chief Justice Waite, said (p. 14):

" 'Every decree in a suit in equity must be considered in connection with the pleadings, and, if its language is broader than is required, it will be limited by construction so that its effect shall be such, and such only, as is needed for the purposes of the case that has been made and the issues that have been decided.' "

In *Raney et al. v. Home Ins. Co.*, 213 Mo. App. 1, the matter to be determined was whether Wm. M. Raney had, as he claimed, an insurable interest in a dwelling house. He offered in evidence the pleadings and decree in a prior suit to quiet title brought against him and his son, C. E. Raney. The offer was held to have been properly rejected because although the judgment decreed that the title was vested in Wm. M. Raney and C. E. Raney, the pleadings showed that the real issue was between the plaintiff and C. E. Raney, and that Wm. M. Raney had in fact no title. The court said:

"The position that a judgment regular on its face cannot ordinarily be collaterally attacked is sound, but it does not necessarily follow that every recital in the judgment or every provision of the decree must stand as a solemn

Tarter v. Missouri-K.-T. Rld. Co.

adjudication of the court in every proceeding in which the judgment may be offered in evidence. It is always the duty of the court to construe the judgment and interpret its meaning the same as any other written instrument that may be offered in evidence, and in determining what is meant by the language used in the judgment, reference must be had to the pleadings in the case and the issues to be tried must be ascertained before it can be determined what the judgment means." (p. 10.)

We think the judgment quieting, perfecting and confirming the defendant's title "as against any claims of the plaintiffs" is fairly to be interpreted, in view of the pleadings and the particular situation presented, as intended to cut off merely the rights to enforce which the plaintiffs sued—to recover upon their mortgages.

The judgment is reversed and the cause remanded with directions to overrule the defendant's motion for judgment on the pleadings and for further proceedings in accordance herewith.