### EQUITABLE LIFE ASSURANCE SOCIETY v. McFADDEN et al.

No. 27449.   Sept. 28, 1937.

Rehearing Denied Nov. 2, 1937.

Bowman & Greer and Simons, McKnight, Simons, Mitchell & McKnight, for plaintiff in error.

McKeever, Stewart & McKeever, Roy J. Elam, and Hill & Hill, for defendants in error.

OSBORN, C. J.   This action was instituted in the district court of Alfalfa county by the Equitable Life Assurance Society, hereinafter referred to as plaintiff, against Louettie McFadden, Sterling B. McFadden, and various other defendants, wherein plaintiff sought a money judgment on certain promissory notes and to foreclose a mortgage on certain real estate. From a judgment denying a foreclosure of said mortgage against Louettie McFadden, the record owner of the property, plaintiff has appealed.

We will state only such facts as are necessary to outline the controlling issues of law. It is shown that Sterling B. McFadden and Louettie McFadden, husband and wife, homesteaded the land involved herein in 1902 and lived thereon until 1906, at which time they moved to the town of Cherokee and established a homestead there. In 1906 they sold said land, and Sterling B. McFadden repurchased the same in 1908. In 1913 he executed a warranty deed to the property to Louettie McFadden, but the deed was not recorded until October 19, 1922. On March 7, 1922, while the property was standing of record in the name of Sterling B. McFadden, he executed a mortgage thereon to the Travelers Life Insurance Company to secure a loan for $4,500. It is shown that he forged the name of his wife to the application. notes, and mortgage. On November 10, 1926, an application was made to the Collins Mortgage Company for a new loan of $4,500. On November 16, 1926, a note and mortgage was executed to said company. It appears that the name of Louettie McFadden was likewise forged to the new notes and mortgage by Sterling B. McFadden. The pro-

ceeds of the loan were used to pay the indebtedness secured by the former mortgage to the Travelers Life Insurance Company. Thereafter the note and mortgage executed to the Collins Mortgage Company were assigned to plaintiff herein. It is shown that Louettie McFadden thereafter executed other mortgages to various other parties defendant herein, which the court found to be valid liens and ordered that they be foreclosed.

To the petition of plaintiff, defendant Louettie McFadden filed 'an answer and cross-petition wherein she alleged that she was at all times the owner of the property involved herein; that she did not sign or execute the notes and mortgage herein involved and had no knowledge of the loans from the Travelers Insurance Company or of the Collins Mortgage Company. She further alleged that plaintiff's mortgage was void and sought cancellation of the same as a cloud upon her title. Plaintiff thereupon filed an amended petition in which it sought foreclosure of the mortgage and in the alternative pleaded that, in the event the court found its mortgage to be invalid, plaintiff was entitled to be subrogated to the note and mortgage of the Travelers Insurance Company for the reason that plaintiff's funds had been used to pay s'aid indebtedness to said company.

The cause was tried to the court. Regarding the issue of subrogation, the court found:

"* * * That the proceeds of the loan represented by the note of November 16, 1926, and the mortgage of the same date was used 'at the request of Sterling B. McFadden to pay off and discharge a certain note and mortgage executed by Sterling B. Mc-Fadden March 7th, 1922, and which were forgeries so far as Louettie McFadden was concerned which said note was for the sum of four thousand five hundred ($4,500) dollars, and was procured by a good and valid mortgage dated March 7th, 1922, executed by Sterling B. McFadden, but was a forgery as to Louettie McFadden and covering the (description of property here involved). beca'use said land was of record in the name of Sterling B. McFadden and owned by Louettie McFadden under an unrecorded deed and the court further finds that the said payment was not made at the request or with the knowledge of the defendant Louettie McFadden, and th'at the plaintiff is not subrogated to the rights of the Travelers Insurance Company under and by virtue of said note and mortgage."

In compliance with its findings the court denied plaintiff a foreclosure of its mortgage. It is noted that the court found that the mortgage to the Travelers Insurance Company was a valid mortgage. Defendants complain of said finding, but in this respect the court did not err. When said notes and mortgage were executed, the record title was in the n'ame of Sterling B. McFadden. Under the provisions of section 9672, O. S. 1931, the unrecorded deed to Louettie McFadden was invalid and ineffective as to said company. In so far as the rights of third persons were concerned, her title vested upon the recording of the deed, at which time the property was encumbered by a valid, subsisting mortg'age which was of record, and her title was taken subject thereto.

In the recent case of Landis v. State ex rel. Commissioner of the Land Office, 179 Okla. 547, 66 P. (2d) 519, it was held that one who loans money upon real estate security for the express purpose of paying and discharging valid encumbr'ances upon the same property, believing in good faith that his security will be substituted of record for that discharged, is not a volunteer or intermeddler, and upon failure to obt'ain such lien is entitled to be subrogated to the prior valid liens to the extent of the encumbrances which he has discharged. Supporting the rule are the cases of Watson v. Butler, 170 Okla. 350, 40 P. (2d) 653; Katter v. Rodgers, 107 Okla. 116, 230 P. 500. Such rule, when applied to a state of facts simil'ar to that presented here, is supported by the overwhelming weight of authority from other jurisdictions. See Ingram v. Jones (C. C. A. 10th) 47 Fed. (2d) 135; Annotations 33 A. L. R. 149; 70 A. L. R. 1396. The cases representing the more modern view are predicated upon the principle that subrogation should always be granted when to do so will be to promote justice and to do equity and when legal and equitable rights of others will not thereby be infringed; that it is a device adopted or invented by equity to compel the ultimate discharge of a debt or obligation by him who in good conscience ought to pay it. See Richardson v. American Surety Company, 97 Okla. 264, 223 P. 389.

It is urged by defendants that this court is committed to a contrary rule. In this

connection we are referred to the following cases: Kahn v. McConnell, 37 Okla. 219, 131 P. 682, 47 L. R. A. (N. S.) 1189; Kiniry v. Davis, 82 Okla. 211, 200 P. 439; Owen v. Interstate Mortgage Trust Co., 88 Okla. 10, 211 P. 87, 30 A. L. R. 816; Helms v. Jenkins, 118 Okla. 239, 247 P. 28; Tynes v. Smith, 105 Okla. 100, 234 P. 637; Fidelity & Dep. Co. of Md. v. Vance, 135 Okla. 24, 245 P. 578. Although the principle involved in these cases is very similar to that involved in the instant case, nevertheless, there is a very substantial distinction which will be hereinafter noted.

A case involving a fact situation very similar to that presented here is the case of Newcomer v. Sibon, 119 Kan. 358, 239 P. 1110, 43 A. L. R. 1387, wherein it was held:

"In the absence of any countervailing equities, one who makes a loan in innocent reliance upon a forged real estate mortgage is, upon the principle of subrogation, entitled to subject the land to the repayment to him of such part of the money lent as was used in taking up existing valid liens."

At page 1405, 43 A. L. R., appears the following note:

"Where a loan has been obtained by means of a forged mortgage and the proceeds used to pay off existing encumbrances against the property, the courts have, without exception, held that the mortgagee under the void mortgage is entitled to be subrogated to the right of the prior mortgagee. Davies v. Pugh (1907) 81 Ark. 253, 99 S. W. 78; Everston v. Central Bank (1885) 33 Kan. 352, 6 P. 605; Zinkeisen v. Lewis (1901) 63 Kan. 590, 66 P. 644; Newcomer v. Sidon, supra; Serial Bldg. Loan & Sav. Inst. v. Ehrhardt (1924) 95 N. J. Eq. 607, 124 Atl. 56; Helm v. Lynchburg Trust & Sav. Bank (1907) 106 Va. 603, 56 S. E. 598."

We quote from the body of the opinion in the case of Zinkeisen v. Lewis, supra.

"The general rule is that, where it is equitable and just that a person furnishing money to pay off a debt should be substituted for the creditor, he will be substituted and subrogated to all the rights held by the creditor. (Citing cases.) There are no intervening liens or encumbrances, and therefore this is a clear case for the application of the doctrine of subrogation.

It is highly equitable that the plaintiff, who was without knowledge of the fraud in the execution of the mortgage, should be substituted to rights of the prior mortgagees. * * *'

In a majority of the cases from this jurisdiction relied upon by defendants there were involved the rights of intervening lienors and encumbrancers. Further examination of those cases discloses that the rule announced therein was adopted from the earlier cases from other jurisdictions where the doctrine of subrogation was narrowly applied, and its principal use was in cases wherein a surety had paid the debt of his principal. (25 R. C. L. par. 3, p. 1314.) It is apparent that we have failed to take note of the modern tendency to expand the doctrine to cover all cases in which one person pays an obligation which in justice and good conscience ought to be paid by another.

A fair consideration of all the facts impels the conclusion that the doctrine should be applied here. There are no countervailing equities involved. The lienors and encumbrancers who were made parties hereto and whose liens were ordered foreclosed acquired whatever rights they had subsequent to the execution of plaintiff's mortgage. Notwithstanding the claims of Louettie McFadden that she knew nothing regarding the execution of either of the mortgages and received no benefit from either of them, when she took title to the land involved therein, it was encumbered with a valid mortgage. A failure to discharge the debt secured thereby would have resulted in a foreclosure thereof, which she would have been powerless to prevent. The debt was discharged with the funds of plaintiff; therefore, Louettie McFadden, as the record owner of the property when the payment was made, received the full benefit thereof.

The judgment is reversed and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.