[No 2247. Decided November 14, 1896.]

ELIZA MAUD HILL, *Appellant*, v. J. D. LOWMAN, *Respondent.*

VACATION OF JUDGMENT — LIMITATION ON ACTION BY MINOR — SUFFICIENCY OF COMPLAINT — JUDGMENT AGAINST EXECUTOR — EFFECT ON DEVISEES.

An action for the vacation of a judgment against a minor is barred if not brought within a year after the arrival of such minor at the age of majority.

A complaint in an action to vacate a judgment of foreclosure is insufficient, when there is no showing that it was not an equitable one, or that the judgment would be different if the cause were retried.

A decree of foreclosure against the executor of an estate is binding on devisees, although not parties to the action.

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge.    Affirmed.

*W. F. Hays*, for appellant.
*Carr & Preston*, for respondent :

In an action against an executor to foreclose a mortgage, the devisees of a deceased mortgagor are not necessary parties, and a judgment rendered in such action against the executor concludes the heirs and devisees although not parties to the action. *Hyde v. Heller*, 10 Wash. 586.

It is the settled law of this state that actions in relation to the real estate of an ancestor can only be maintained by the heir or devisee after the close of administration. *Hazelton v. Bogardus*, 8 Wash. 102; *Balch v. Smith*, 4 Wash. 497; *Dunn v. Peterson*, 4 Wash. 170; *Hanford v. Davies*, 1 Wash. 476.

A proceeding to vacate a judgment of the superior

court rendered against a minor, must be brought within twelve months after the day of the minor's majority. Code Proc., § 1393, subd. 8, and § 1395. *Marston v. Humes*, 3 Wash. 267; *Dahms v. Alston*, 34 N. W. 182; *Eisenmenger v. Murphy*, 43 N. W. 784.

If in an action against a minor, process is duly issued and served upon him, the court thereby acquires jurisdiction of his person, and if the court fails to appoint a guardian *ad litem* for him, such failure is an irregularity merely and does not go to the jurisdiction of the court, and the judgment rendered in such action is not void but is voidable only. *Eisenmenger v. Murphy, supra; Dahms v. Alston, supra; Hoover v. Kinsey Plow Co.*, 8 N. W. 658; *Drake v. Hanshaw*, 47 Iowa, 291.

A recital in a judgment, findings or decree, of the appointment of a guardian *ad litem* for an infant defendant, is sufficient evidence of a due appointment. *Benjamin v. Birmingham*, 8 S. W. 183; *White v. Morris*, 12 S. E. 80; *Rhoads v. Rhoads*, 43 Ill. 239; *McAnear v. Epperson*, 54 Tex. 220 (38 Am. Rep. 625); Van Fleet, Collateral Attack, § 475.

The appellant is not entitled to a vacation upon petition, since she shows she has no defense to the action. Code Proc., §§ 1395-1397; *Hoover v. Kinsey Plow Co., supra.*

The opinion of the court was delivered by

DUNBAR, J.— It is doubtful if there is such an assignment of errors in the brief of the appellant as would warrant the court in entering into an investigation of the cause, but, considering the nature of the case, we will pass over that inadvertence and look at the case upon its merits.

Appellant is the daughter of George D. and Ellen

K. Hill, both deceased. Before the decease of either Ellen K. or George D. Hill, they borrowed $15,000 from one Reed, and gave a mortgage to secure it, upon certain real estate described in the record in this case. Ellen K. Hill died testate at Seattle on the 14th day of February, 1887, and the said George D. Hill, died testate December 5, 1890. By the will of the said Ellen K. Hill her husband was made her executor, and she bequeathed all of her property to her four children, share and share alike, appellant being the eldest. The mortgage spoken of was executed on the 24th day of March, 1885, due March 24, 1888. On the 28th day of November, 1887, the payee, S. G. Reed, transferred said mortgage to the respondent, J. D. Lowman, and on the 28th day of December, 1887, respondent brought suit to foreclose the mortgage and obtained a decree of foreclosure thereof on the 11th day of February, 1888, prior to the time the appellant was eighteen years old, but after she was fourteen years old. The note for which the mortgage was given as security provided that the amount of money borrowed should be paid three years after the date thereof, with interest after date thereof until paid, payable quarter yearly. In the mortgage the note was set out verbatim, but instead of saying " with interest after date until paid," the copy set out in the mortgage reads, " with interest after maturity until paid." The mortgage provided that the whole principal sum evidenced by the note should become due and the mortgage might be foreclosed for the whole sum upon default being made in the payment of any interest installment. The interest upon the note was paid quarter yearly up to the 24th day of December, 1886, but no installment of interest falling due thereon at any time thereafter was ever paid.

This action was brought by the appellant, Eliza Maud Hill, to vacate the judgment rendered in the foreclosure proceeding, and for a decree to the appellant of such portion of the mortgaged premises as she was entitled to. The court below found that there was no equity in the petition of plaintiff in this action; that she had no interest in the property affected by the decree in the former suit of foreclosure, sufficient to entitle her to maintain this action, and that the defendant was entitled to a decree upon the facts found; dismissed the action and entered judgment against the plaintiff for costs.

We are not able to find any merit in this appeal. If it is considered as an action for the vacation of the judgment it is barred by the statute of limitations, more than a year having expired since the arrival of the appellant at the age of majority. Again, there is no equitable showing made by appellant—really no allegation in the complaint—that the decree was not an equitable one, and that the judgment would be any different if it were vacated and the cause re-tried. It is contended by the appellant that she is not bound by the decree of foreclosure from the fact that she was not a party to the foreclosure suit. Even if this were true, it is not disputed that the executor was made a party to the foreclosure of the mortgage, and, under the decision of this court in *Hyde v. Heller*, 10 Wash. 586 (39 Pac. 249), that would be sufficient to give the court jurisdiction. Again, the court finds as a fact in this case that the appellant was made a party to the foreclosure suit by service upon her guardian *ad litem*. This finding was not excepted to by the appellant, and must stand as the established fact in this case. In fact, no exceptions were made to either the findings of fact or conclusions of law made by the

lower court, and as the findings of fact, we think, without any question warrant the conclusions of law, and the conclusions warrant the judgment rendered, said judgment must be affirmed.

HOYT, C. J., and SCOTT, ANDERS and GORDON, JJ., concur.