[No. 25567. *En Banc.* November 18, 1935.]

GUY B. FALCONER, *Respondent,* v. L. C. STEVENSON et al., *Appellants.*[1]

[1]Reported in 51 P. (2d) 618.

*L. C. Stevenson,* for appellants.

*Roberts & Skeel* and *W. E. Evenson,* for respondents.

BLAKE, J.—On December 12, 1928, Eva Teeters (now Eva Teeters Steeves) was appointed guardian of the person and estate of Annie Leona Teeters. The principal asset of the estate consisted of real property, described as follows: Lots 15, 16, and the east half of lot 17, block 1, Zindorf's Lakehurst Addition to Seattle.

June 2, 1930, the guardian, with the approval of the court, borrowed from Essie E. Casler six hundred dollars, to be (and which actually was) used in the construction of a house on the ward's property. The guardian, as such, executed a promissory note to Mrs. Casler in that amount. At the same time, the guardian executed a mortgage on the property to secure the note.

Subsequently, the ward, having become emancipated through marriage, filed an application in the superior court to quash the guardianship proceedings and all orders therein made, on the ground that the court never acquired jurisdiction of her person or estate. After hearing on the application, the court entered an order quashing the order appointing the guardian and all subsequent orders approving any and all reports made by the guardian. An appeal was taken from this order. *In re Teeters,* 173 Wash. 138, 21 P. (2d) 1032. This court affirmed the order—holding that the lower court failed to acquire jurisdiction of the

440

person or estate of the minor, by reason of the fact that her written consent to the appointment of the guardian was not filed, as required by Rem. Rev. Stat., § 1567 [P. C. § 9899].

Thereafter, Mrs. Casler assigned her note and mortgage to Guy B. Falconer, who brought this action, setting up in his complaint two causes of action: (1) On the note and to foreclose the mortgage; (2) to establish and foreclose an equitable lien against the property. (In the meantime, the property had been conveyed to defendant Marie E. Stevenson.) Mrs. Stevenson answered, setting up a cross-complaint, under which she prayed that her title to the property be quieted against the mortgage, and that the mortgage be canceled of record.

Upon the issues so made, the trial court found the essential facts to be as above outlined. It concluded that the plaintiff was not entitled to foreclose the mortgage. It did hold that the plaintiff was entitled to an equitable lien on the property and entered judgment establishing and foreclosing such lien. The defendants Stevenson appeal.

The court was undoubtedly correct in its first conclusion. Eva Teeters (Steeves) could not (although purporting to act as guardian) effectuate a lien on the property by mortgage. She stood as any stranger to the property, and the mortgage executed by her was just as ineffectual. See *Vanhorn v. Nestoss*, 99 Wash. 328, 169 Pac. 807.

We think, however, the trial court erred in holding that respondent was entitled to an equitable lien on the property. Respondent cites a number of cases which, he asserts, support the judgment. *Wilson v. Hubbard*, 39 Wash. 671, 82 Pac. 154; *Newcomer v. Sibon*, 119 Kan. 358, 239 Pac. 1110, 43 A. L. R. 1387; *Talliferro v. Thornton's Executor*, 26 Ky. L. 183, 80

S. W. 1097; *Laffranchini v. Clark,* 39 Nev. 48, 153 Pac. 250; *Ingram v. Jones,* 47 F. (2d) 135; *Jones v. Carpenter,* 90 Fla. 407, 106 So. 127, 43 A. L. R. 1409; *Perry v. Board of Missions,* 102 N. Y. 99, 6 N. E. 116.

With the exception of the last two cases cited, these are all cases of equitable liens established by way of subrogation. They are cases where, for some reason, the attempt to mortgage the property was abortive, but the money obtained by the mortgagor was used to discharge prior liens. The prior liens were reinstated for the benefit of the subsequent mortgagee, and he was allowed to foreclose the prior mortgage or lien to the extent that the funds furnished by him went to discharge it.

The cases of *Jones v. Carpenter, supra,* and *Perry v. Board of Missions, supra,* are typical of the equitable mortgage—where the owner borrows money with which he improves property under such circumstances that equity will establish an equitable mortgage, either upon the theory that it was intended by the parties to create a lien, or that the owner is estopped to deny that such was the intention. These cases can have no application here, for the reason that the owner of the property (Annie Leona Teeters) had no voice in the borrowing or expenditure of the money.

The subrogation cases do not apply, for the additional reason that the money loaned on the purported mortgage was not used to discharge any prior mortgage or lien. A mere volunteer cannot create a lien on another's property, either by expending borrowed money upon it or by executing a mortgage to secure the money borrowed. As was said by the supreme court of Missouri, in *Capen v. Garrison,* 193 Mo. 335, 92 S. W. 368, 5 L. R. A. (N. S.) 838:

"The doctrine of equitable lien follows closely on that of subrogation. They both come under the

maxim 'equality is equity,' and they are applied only in cases where the law fails to give relief and justice would suffer without them. But the doctrine of equitable lien has its prescribed boundaries as well as that of subrogation; it is not a limitless remedy to be applied according to the measure of the conscience of the particular chancellor any more than, as an illustrious law-writer said, to the measure of his foot. The right to an equitable lien arises when a party at the request of another advances him money to be applied and which is applied to the discharge of a legal obligation of that other, but when, owing to the disability of the person to whom the money is advanced, no valid contract is made for its repayment. . . . The doctrine of equitable lien applies no more in favor of a mere volunteer than does the doctrine of subrogation.

"In vain would a statute prescribe the limit of a curator's power to mortgage his ward's property if a court of equity should, by giving it another name, whether it be subrogation or equitable lien, invest an unauthorized deed with substantially the same effect it would have had if it had been expressly authorized by the statute."

The judgment is reversed, and the cause remanded with directions to enter judgment in accordance with the prayer of the cross-complaint of appellant Marie E. Stevenson.

MILLARD, C. J., MAIN, MITCHELL, STEINERT, and GERAGHTY, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent.

Neither the reasoning nor the result reached in the prevailing opinion is correct. It is contrary to the principle heretofore announced by this court in *Wilson v. Hubbard,* 39 Wash. 671, 82 Pac. 154, cited by the majority. In that case, which has been followed by other courts of high repute, it was held that a mortgagee who, in good faith, lends money which is actually used

to pay the debts of the estate under an agreement that he shall have security upon the estate and in pursuance of which he takes a mortgage for his security which proves invalid, will be subrogated to the benefit of the liens held by the creditors of the estate who were paid with his money.

All writers and most of the courts recognize that there may be still other equitable liens impressed on property out of general consideration of right and justice, as applied to the relations of the parties and the circumstances of their dealings in a particular case and wholly independent of intention. Equity is never without power to give relief in a case of this character. It is immaterial whether or not it arises out of a strict right to subrogation.

An equitable lien is the right to have property subjected in a court of equity to the payment of a claim. *Nelson v. Nelson Neal Lumber Co.*, 171 Wash. 55, 17 P. (2d) 626, 92 A. L. R. 554, and cases there cited.

So in the instant case: Appellants have become possessed of a property made more valuable by the money loaned by respondent's assignor. That improvement was made with the money obtained by an invalid mortgage.

Every principle of equity demands that this be declared to be an equitable lien and the judgment affirmed.

TOLMAN and BEALS, JJ., concur with HOLCOMB, J.